UNITED STATES of America

v.

Mutulu SHAKUR, a/k/a "Doc," a/k/a "Jeral Wayne Williams," Sekou Odinga, a/k/a "Nathaniel Burns," a/k/a "Mgabasi," a/k/a "Mugubasi," a/k/a "Eddie Holmes," a/k/a "Lou," Cecil Ferguson, a/k/a "Mo," a/k/a "Chui," Edward Lawrence Joseph, a/k/a "Edward Lawrence," a/k/a "Jamal," a/k/a "Tony," a/k/a "J.R.," William Johnson, a/k/a "Bilal Sunni-Ali," a/k/a "Spirit," Silvia Baraldini, a/k/a "Louise," Susan Rosenberg, a/k/a "Elizabeth," Cheri Dalton, a/k/a "Nahanda," Iliana Robinson, a/k/a "Naomi," Nilse Cobeo, a/k/a "Nilse Lawrence," a/k/a "Ginger," a/k/a "Gigi," a/k/a "Giovanni Correa," and Alan Berkman, Defendants.

No. SSS 82 Cr. 0312 (KTD).

United States District Court, S.D. New York.

May 5, 1983.

---

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for the Government; Robert S. Litt, Stacey J. Moritz, Paul Summit, Asst. U.S. Attys., New York City, of counsel.

Sekou Odinga, pro se.

Jesse Berman, New York City, for defendant Cecil Ferguson.

William Mogulescu, New York City, for defendant Edward Joseph.

Chokwe Lumumba, Detroit, Mich., Lynne Stewart, New York City, for defendant William Johnson.

Susan Tipograph, New York City, for defendant Silvia Baraldini.

Lawrence Stern, New York City, for defendant Iliana Robinson.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On April 28, 1983, I held a *Wade* hearing outside the presence of the jury to determine the admissability of witness Tyrone Rison's in-court identification of defendants Odinga, Ferguson, Joseph, Sunni-Ali and Baraldini. I find that the pretrial identification procedures followed by the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office were not suggestive and thus I permitted Mr. Rison to identify the above defendants before the jury. Mr. Rison did not identify defendant Robinson before trial, or during the *Wade* hearing. The following shall constitute my findings of fact.

Mr. Rison, an admitted accomplice of the defendants, testified to the commission of different bank robberies and to participating in a successful prison escape with one or more of the defendants Odinga, Ferguson, Joseph, Sunni-Ali and Baraldini. Mr. Rison was a credible witness. Whatever motivations prompted the witness to cooperate with the FBI did not alter his credibility. He was neither overly anxious to please the

government nor overly hostile to the defendants. He seemed to present his version of the facts as accurately as he could.

The *Wade* hearing was held to evaluate Rison's credibility on the issue of the identifications and to enable me to determine whether the "pretrial identification procedures employed were in fact suggestive." *Solomon v. Smith,* 487 F.Supp. 1134, 1141 (S.D.N.Y.1980), aff'd, 645 F.2d 1179, 1186 (2d Cir.1981). If the procedures utilized were suggestive, I must then decide by considering the "totality of circumstances" whether Rison's in-court identifications are so tainted by the suggestive procedures to be rendered inadmissible. *See Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1973). These safeguards are to insure that the defendants' rights are not violated by allowing identification procedures that present "a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

█ I am satisfied that the government techniques utilized herein were not suggestive. Tyrone Rison and his wife were incarcerated in a Georgia prison for armed bank robbery in February of 1982. He was approached at that time by the FBI for information on the charges in the instant indictment. Rison refused to divulge any information. In September, 1982, Rison sought out the FBI and began his ongoing cooperation. Rison met with the FBI before he was shown photographs of individuals in question herein. In late September, Rison was shown groups of photographs by the FBI. Included in the groups were pictures of defendants Odinga, Ferguson, Joseph, Sunni-Ali and Baraldini. Rison identified all these photographs and wrote on the back of these pictures the date of his identification and his initials.[1] Before Rison was shown the groups of photos, he was told by the FBI to identify persons he knew; he was not told to look for particular persons. He was merely asked to pick out anyone he

knew. On September 27, 1982, Rison identified two pictures of defendant Odinga and one picture of Sunni-Ali out of a group of fifteen persons. On September 30, 1982, Rison identified one picture of defendant Ferguson, Joseph and Baraldini out of a group of twelve persons. Rison also identified others in the groups of photos, but these persons are not on trial. Some of the persons were not identified at all. Rison denied all defense counsels' attempts to imply that he was encouraged to identify certain persons, specifically the defendants, or that he was shown individual photos and not groups of photographs.

Any argument propounded by defense counsel challenging the objectiveness of Rison's pretrial identification was deflated further by the witness' testimony on his contact with each identified defendant. In *Neil v. Biggers* and *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Supreme Court delineated the five factors to be considered in evaluating the potential for mistaken identification.

> These factors are (1) the witness's opportunity to observe the criminal at the time of the crime, (2) the degree of the witness's attention at that time, (3) the accuracy of the witness's initial description of the criminal, (4) the certainty with which the witness first identified the suspect, and (5) the time lapse between the crime and the identification.

*Solomon v. Smith,* 645 F.2d at 1186; *see Manson v. Brathwaite,* 432 U.S. at 114, 97 S.Ct. at 2253. Rison's testimony satisfied all these criteria.

### 1. Defendant Odinga

█ Rison met Odinga, who he called Mgabasi, in the early 1970's and maintained a close relationship with him. Their mutual contact included meetings three to four times a week for a period of five years. Rison saw defendant Odinga at "social activities, robberies, meetings." Trial Transcript at 2091. Rison also "played paddle

---

1. The photo of defendant Joseph is not so identified. Rison, however, testified that he identified this photo.

ball ... and basketball" with Odinga. Trial Transcript at 2326. These continued personal dealings in conjunction with Rison's unquestioned identification of defendant Odinga removes any real possibility for mistaken identification.

### 2. Defendant Ferguson

■ Rison testified that he met defendant Ferguson, who he called Chui, at a Republic of New Afrika gathering in the early 1970's. It was unclear whether the gathering where Rison met Ferguson was a study group meeting or a speaking engagement. Rison, however, met with Ferguson for a period of two years as frequently as two to three times a week. Rison last saw Ferguson approximately three years ago. The certainty of Rison's pretrial identification of Ferguson and his substantial contact with this defendant renders his in-court identification admissable.

### 3. Defendant Joseph

■ Rison's contacts with defendant Joseph were less sustained. He was first introduced to Joseph, who he knew as J.R., "on the first attempt at Nyack ...." (Trial Transcript at 2098) at J.R.'s apartment. Rison spent approximately one and one half hours in defendant Joseph's company on that occasion. The witness saw Joseph on two later occasions. These contacts, considering Rison's unequivocal identification of Joseph, reduce any likelihood that the pretrial identification was suggestive.

### 4. Defendant Sunni-Ali

■ Rison testified that he first met defendant Sunni-Ali, who he called Spirit, at a Peoples Center Council meeting of the Republic of New Afrika in New Orleans in the early 1970's. The witness later met with Sunni-Ali "[b]efore the June job." Trial Transcript at 2096. Rison saw Sunni-Ali on other occasions as well, including as recently as October, 1981. This past history in conjunction with his clear identification of Sunni-Ali is sufficient to defeat arguments that Rison's pretrial identification was suggestive.

### 5. Defendant Baraldini

■ Rison first spotted defendant Baraldini, who he called Louise, on several occasions from a distance before he met her close to six months before the Chesimard prison escape at a meeting in a Manhattan apartment. This meeting lasted for "several hours" (Trial Transcript at 2093) and Baraldini was seated "[s]ometimes to my left, sometimes to my right ... " at different points during the meeting. Trial Transcript at 2180. Rison later saw Baraldini during a weapons training session he conducted. Rison saw Baraldini on other occasions as well. Although Rison's memories of defendant Baraldini's physical characteristics are not as precise as some might like, this does not taint his ability to recognize her. His certain identification of this defendant, and his close contact with her at numerous times defeats allegations of a pretrial identification tainted by suggestiveness.

In sum, Rison's pretrial identifications of defendants Odinga, Ferguson, Joseph, Sunni-Ali and Baraldini clearly pass constitutional muster. The pretrial identification procedures used by the government were not suggestive. Furthermore, even if they had been, Rison had sufficient contacts with each of these defendants, although some contacts with some defendants were more substantial than others, to support an objective identification under the *Biggers, Brathwaite* analysis. Accordingly, Tyrone Rison was permitted to identify each of these defendants before the jury.

SO ORDERED.